IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL PATRICK COYNE,

    Petitioner,                   No. 2:12-cv-1506 KJM KJN P

    vs.

RANDY GROUNDS,                  ORDER AND

    Respondent.                FINDINGS AND RECOMMENDATIONS

_____/

I. <u>Introduction</u>

        Petitioner is a state prisoner, proceeding without counsel, and with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the pending habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion should be granted.

II. <u>Legal Standards</u>

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

III.  Chronology

    For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

    1.  On September 22, 2005, in the Shasta County Superior Court, petitioner pled guilty to kidnapping, with great bodily injury, and involuntary manslaughter.  (Dkt. No. 1 at 1.)  On December 8, 2006, pursuant to a stipulated sentence within the plea agreement, petitioner was sentenced to a determinate state prison term of twelve years.  (Dkt. No. 1 at 61.)

    2.  Petitioner filed an appeal, and the conviction was affirmed by the California Court of Appeal, Third Appellate District, on December 3, 2007.  (Respondent's Lodged Document ("LD") 2.)

    3.  Petitioner did not seek review in the California Supreme Court.

////

////

4. On May 12, 2011,[1] petitioner filed a petition for writ of habeas corpus in the Shasta County Superior Court. (LD 3.) The petition was summarily denied on May 23, 2011, and the court expressly found that petitioner's unjustified delay in bringing his claim barred consideration of the claim, citing In re Clark, 5 Cal.4th 750, 765 n.5 (1993), and In re Swain, 34 Cal.2d 300, 302 (1949). (LD 4.)

5. On July 20, 2011, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District. (LD 5.) On August 4, 2011, the petition was denied without comment. (LD 6.)

6. On November 2, 2011, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 7.) On February 29, 2012, the California Supreme Court denied the petition, citing In re Robbins, 18 Cal.4th 770, 780 (1998). (LD 8.)

7. On May 21, 2012, pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the instant action was constructively filed. (Dkt. No. 1 at 130.)

IV. Statutory Tolling

Because petitioner did not file a petition for review in the California Supreme Court, petitioner's process of direct review came to an end when the California Court of Appeal denied his appeal.[2] Thus, petitioner's conviction became final on January 12, 2008, forty days after the California Court of Appeal issued its opinion, and when the time for filing a petition for review had expired. See Gonzalez v. Thaler, 132 S. Ct. 641, 654 (2012) (holding that where a state prisoner does not seek review in a state's highest court, the judgment becomes "final" under § 2244(d)(1)(A) when the time for seeking such review expires); see also Rules 8.264(b)(1) &

---

[1] Petitioner's state court habeas petitions (LD 3, 5, & 7) are given benefit of the mailbox rule. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

[2] Petitioner's failure to petition the California Supreme Court for review of his conviction precluded him from applying to the United States Supreme Court for a writ of certiorari. See 28 U.S.C. § 1257.

8.500(d)(1) of the Cal. Rules of Court (Court of Appeal decision becomes final thirty days after the date it is issued, and a petition for review must be filed within ten days after the Court of Appeal decision is final).  Therefore, the AEDPA statute of limitations period in this case began to run the day after petitioner's conviction became final, on January 13, 2008, and expired one year later on January 13, 2009.  See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.).  Petitioner did not file his federal habeas petition in this case until May 21, 2012, over three years later.  Accordingly, petitioner's federal petition for writ of habeas corpus is time-barred unless he is entitled to the benefit of tolling.

Petitioner filed his first state court petition for writ of habeas corpus on May 12, 2011, after the statute of limitations period expired.  The filing of a state habeas petition after the limitations period expired cannot revive the statute of limitations, and has no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (where petitioner filed his state post-conviction relief petition after AEDPA statute of limitations period expired, delay results in absolute time bar.)  Therefore, none of petitioner's collateral challenges serve to toll the limitations period because all were filed after the limitations period expired.

Moreover, the three state court habeas petitions cannot provide tolling because they were found untimely by the state courts.  The AEDPA tolls the statute of limitations during the period in which a "properly filed" application for post-conviction relief is pending.  See 28 U.S.C. § 2244(d)(2).  However, a petition cannot be considered "properly filed" for purposes of the AEDPA statutory tolling when the state court denies a habeas petition as untimely.  See Trigueros v. Adams, 658 F.3d 983, 988-89 (9th Cir. 2011) (statutory tolling under § 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards."); Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).

1          Here, the Shasta County Superior Court denied petitioner's habeas petition stating that it was barred as untimely, citing In re Clark, 5 Cal.4th at 750.  The California Supreme Court denied the petition, citing In re Robbins, 18 Cal.4th at 780.  The state courts' reliance on Clark and Robbins was a clear ruling that the petition was denied as untimely.  See Miles v. Martel, 2012 WL 4490756, at *4 (9th Cir. Sept. 28, 2012) ("A summary denial citing [Clark and Robbins] means that the petition is rejected as untimely."); Thorson, 479 F.3d at 645.  The second habeas petition, filed in the California Court of Appeal, was denied as untimely as well because, even though the summary denial was silent as to reasoning, this court must "look through" the silent disposition to the last reasoned decision from the Shasta County Superior Court.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same grounds.")  Accordingly, the AEDPA statute of limitations was not statutorily tolled by the filing of the state habeas petitions because the petitions were not "properly filed."

V.   Alternative Start Date for Statute of Limitations

         In the petition,[3] petitioner asserts that he received ineffective assistance of counsel because trial counsel failed to object to the imposition of the upper term sentence, and appellate counsel failed to appeal the upper term sentence.  (Dkt. No. 1 at 13-14.)  Petitioner contends that

---

[3] Petitioner also appears to argue that his sentence is illegal.  (Dkt. No. 1 at 23.)  However, petitioner's upper term sentence was not based upon any factual findings made by the sentencing judge.  Rather, petitioner's sentence arose directly from the plea agreement.  See Gresham v. Martel, 2010 WL 624279, at *11 (E.D. Cal. 2010) ("given that Gresham stipulated to the imposition of the upper term sentence, Blakely[ ] is not implicated.")  Once petitioner stipulated to his twelve year sentence, the sentencing court had no obligation to independently justify its imposition of the upper term on the kidnapping charge.  The sentencing court simply accepted the terms bargained for by the parties.  The reporter's transcript of petitioner's plea reflects that petitioner was advised of his sentence and freely agreed to it.  (Dkt. No. 1 at 60-65.)  Moreover, at the plea hearing, plaintiff admitted the great bodily injury special allegation.  (Dkt. No. 1 at 64.)  Furthermore, in his state habeas petitions, as well as the instant federal petition, petitioner admitted that the plea agreement provided for petitioner to plead guilty to the upper term of eight years for kidnapping, and that the plea agreement provided for a stipulated prison sentence of twelve years.  (LD 3, 5, 7; Dkt. No. 1.)

"through a fluke[,] petitioner discovered that California sentencing guidelines in effect at the time of his sentencing required a jury and not the judge to find fact[s] beyond a reasonable doubt to impose the upper term." (Dkt. No. 1 at 13.) Petitioner argues that he discovered this "during his imprisonment," and that he didn't have "any knowledge in the law at the time [of] sentencing," but it came to his attention by legal material authored by the Prison Law Office. (Dkt. No. 1 at 14.)

### A. Later Triggering Date -- New Constitutional Right

On January 22, 2007, the Supreme Court held that California's Determinate Sentence Law, which permitted the judge rather than the jury to make findings to support the imposition of the upper term, violates a defendant's Sixth Amendment right to trial by jury. Cunningham, 549 U.S. at 293. This case cannot provide a new triggering date, however, because the Supreme Court has not found its holding to be retroactive, which is a necessary predicate to the application of 28 U.S.C. § 2244(d)(1)(c). See Dodd v. United States, 545 U.S. 353, 358 (2005) (construing identical language in section 2255 as expressing clear congressional intent that delayed accrual inapplicable unless the Supreme Court itself has made the new rule retroactive); see also Butler v. Curry, 528 F.3d 624, 639 (9th Cir.), cert. denied, 129 S. Ct. 767 (2008) (Cunningham did not create a new rule of law).

### B. Later Triggering Date -- Factual Predicate

Under section 2244(d) (1)(D), "[t]ime begins when the prisoner knows (or through diligence could discover) the important facts, not when the prisoner recognizes their legal significance." Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001). Petitioner's assertions demonstrate that petitioner became aware only of the legal significance of his claims at a later date, not the material facts themselves. Thus, petitioner is not entitled to a deferred starting date based on 28 U.S.C. § 2244(d)(1)(D).

Petitioner fares no better if he relies on Cunningham as a "factual predicate" for his claim, because a favorable legal decision cannot be a factual predicate within the meaning of

6

§ 2244(d)(1)(D). See Shannon v. Newland, 410 F.3d 1083, 1089 (9th Cir. 2005) ("state court decision establishing an abstract proposition of law arguably helpful to the petitioner's claim does not constitute the 'factual predicate' for that claim."); see also Singer v. Department of Corrections, 2010 WL 1444479, at *3 (C.D. Cal. 2010) (Cunningham is not a factual predicate).

VI. Constitutionality of AEDPA

In his opposition to the motion to dismiss, petitioner does not contend that his petition was timely filed, but argues that AEDPA is unconstitutional because AEDPA violates petitioner's right to have the court remedy his claims by unlawfully amending Article I, section 9, of the United States Constitution, otherwise known as the Suspension Clause.

However, in Duhaime v. Ducharme, 200 F.3d 597 (9th Cir. 2000), the Ninth Circuit found that the 1996 amendments to 28 U.S.C. § 2254(d)(1) do not offend the Constitution. Duhaime, 200 F.3d at 579. In Crater v. Galaza, 491 F.3d 1119, 1124-30 (9th Cir. 2007), the Ninth Circuit addressed various challenges to the constitutionality of AEDPA, and found that "the operative provisions of the Act do not violate the Suspension Clause," because "Section 2254(d)(1) simply modifies the preconditions for habeas relief, and does not remove all habeas jurisdiction." Crater, 491 F.3d at 1125; 1126. The Ninth Circuit rejected Crater's argument that AEDPA impinged on judicial power. Crater, at 1127. In conclusion, the Ninth Circuit stated that:

> [o]ur holding that § 2254(d)(1) is constitutionally firm is based upon the constitutional text, the Supreme Court's interpretation of other statutes limiting habeas relief, and the Court's longstanding application of AEDPA. These first principles, as well as the doctrine of stare decisis, require us to conclude that § 2254(d)(1) does not conflict with the Suspension Clause or breach the constitutional separation of powers.

Crater, 491 F.3d at 1130.

Moreover, the Ninth Circuit has specifically held that the statute of limitations provision of AEDPA does not violate the Suspension Clause. "[S]ection 2244(d)(1) is not a

////

7

per se violation of the Suspension Clause." Ferguson, 321 F.3d at 823.  "Its one-year limitations period leaves petitioners with a reasonable opportunity to have their federal claims heard." Id.

Therefore, petitioner's claim that AEDPA is unconstitutional is unavailing.

VII. Equitable Tolling

To receive equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).  The Ninth Circuit has explained:

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.2003) (petitioner must show that the external force caused the untimeliness).  It is petitioner's burden to show he is entitled to equitable tolling.  Espinoza-Matthews v. People of the State of California, 432 F.3d 1021, 1026 (9th Cir. 2005).

Here, the petition provides no basis for equitable tolling.  (Dkt. No. 1.)  Moreover, petitioner did not address the issue of equitable tolling in his opposition to the motion, and alleged no facts that would support such a claim.  Thus, petitioner failed to demonstrate that he is entitled to equitable tolling.

VIII. Conclusion

Because this action is barred by the statute of limitations, IT IS HEREBY RECOMMENDED that respondent's August 13, 2012 motion to dismiss (Dkt. No. 11) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 16, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

coyn1506.mtd